FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LANCE A. THOMASON,<br><br>               Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, SPOKANE COUNTY PROSECUTING ATTORNEY, COUNTY CITY PUBLIC SAFETY BUILDING,<br><br>               Defendants. | No.   2:24-CV-277-MKD<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE<br><br>**ECF No. 1** |

Before the Court is Plaintiff's *pro se* Complaint, filed on August 12, 2024. ECF No. 1. By separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Having reviewed Plaintiff's Complaint, the Court is fully informed. The Court dismisses Plaintiff's Complaint with prejudice.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff appears to allege that his Fourteenth Amendment due process rights were violated when the jury was improperly instructed during his state court robbery trial on January 14, 2020. ECF No. 1 at 2, 7, 9, 11-12. Plaintiff states that

ORDER - 1

he served a 63-month sentence after being convicted of robbery at a grocery store on September 5, 2018.[1] *Id*. at 8-9.  He identifies Rachel Stereet/Streete as the Spokane County prosecuting attorney located in the public safety building who charged him with first degree robbery on January 13, 2020. *Id*. at 7.  He appears to take issue with various jury instructions and attaches them to his Complaint. *Id*. at 14–35.

Plaintiff alleges an unspecified "personal injury," and makes conclusory allegations of prosecutorial misconduct, malicious prosecution, abuse of process, unlawful incarceration, and wrongful conviction. *Id*. at 4, 5, 13.  He "demands class action against the state of Washington per RCW 4.10.025(3)." *Id*. at 3.  Plaintiff also seeks a permanent injunction, asks the State of Washington to stop its prosecutorial misconduct and malicious prosecution, and requests that this Court grant a jury trial.  *Id*. at 12-13.

## ANALYSIS

Under the Prison Litigation Reform Act of 1995, the district court is required to screen a complaint filed by a party seeking to proceed *in forma*

---

[1] Plaintiff's robbery conviction may be related to the allegations he raised in a prior civil rights action before the District Court.  *See Lance A. Thomason v. Yokes Fresh Market*, 2:20-CV-59 (dismissed with prejudice on August 14, 2020).

ORDER - 2

*pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Therefore, the Court may dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable basis in law and fact. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The

ORDER - 3

complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Liberally construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

### A. Improper Defendants

It is unclear whether Plaintiff intended to name the State of Washington as a defendant to this action. ECF No. 1 at 12. It is well-settled that states and state agencies are not susceptible to suit under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Therefore, the State of Washington is entitled to Eleventh Amendment immunity and does not qualify as a "person" under Section 1983. Plaintiffs' Section 1983 claims against the State of Washington are subject to dismissal for failure to state a claim upon which relief may be granted.

Plaintiff also names the Spokane County Prosecuting Attorney as a defendant to this action. ECF No. 1 at 1. It is well-settled that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a

ORDER - 4

civil suit for damages under [section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (noting that prosecutorial immunity covers claims of the knowing use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

Plaintiff alleges that the prosecuting attorney charged him with first degree robbery on January 13, 2020, and he appears to take issue with various jury instructions that were given during his trial on January 14, 2020. ECF No. 1 at 2, 7, 9, 11-12, 14-35. Thus, Plaintiff's allegations against the prosecuting attorney stem from her actions taken while serving as an advocate in judicial proceedings, acts covered by prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). Plaintiff has presented no facts which would lower the shield of absolute prosecutorial immunity against Defendant Spokane County Prosecuting Attorney.

Finally, Plaintiff names the County City Public Safety Building as a defendant to this action. ECF No. 1 at 1. He asserts that "the Spokane County, prosecuting attorney, county city public safety buildings, did file…[an] information charging [P]laintiff" with robbery. *Id*. at 9. The County City Public Safety Building does not qualify as a "person" under Section 1983, and thus, Plaintiff cannot state a plausible claim for relief against this Defendant.

ORDER - 5

## B. Statute of Limitations

In his Complaint, Plaintiff appears to take issue with various jury instructions that were given during his trial on January 14, 2020. ECF No. 1 at 2, 7, 9, 11-12, 14-35. The applicable statute of limitations for Section 1983 claims under Washington law is three years. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *Millay v. Cam*, 135 Wash.2d 193, 206 (1998) (requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply). Additionally, "[a] federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (internal quotations omitted). Plaintiff did not file his federal civil rights complaint until August 12, 2024. He has not provided any facts to show that he qualifies for equitable tolling of his claims. Therefore, Plaintiff's claims appear to be barred by the statute of limitations.

## C. Class Certification

Plaintiff "demands class action against the state of Washington per RCW 4.10.025(3)." ECF No. 1 at 3. However, a *pro se* plaintiff cannot "fairly and adequately protect the interests of the class," as required by Federal Rule of Civil Procedure 23(a)(4). *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a *pro se* litigant cannot be an adequate class

ORDER - 6

representative under Rule 23(a)(4)).  Although a non-attorney may appear *pro* se on behalf of himself, he has no authority to appear as an attorney for others.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.").  Plaintiff is not qualified to pursue claims on behalf of other individuals or to protect their interests.

**D. Challenge to Fact or Duration of Confinement**

Although Plaintiff's allegations are difficult to decipher, he appears to contest jury instructions that were given during his trial and requests that this Court grant a jury trial.  ECF No. 1 at 12-13.  If a state prisoner challenges the fact or duration of confinement or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  A Section 1983 claim is not the appropriate vehicle for a prisoner to challenge his underlying sentence by seeking injunctive relief.  *Preiser*, 411 U.S. at 489 ("a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus . . . he

ORDER - 7

cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge").

In sum, Plaintiff has not demonstrated that this Court has jurisdiction over the case, nor has Plaintiff stated a plausible claim. Therefore, the Court must dismiss the case with prejudice pursuant to 28 U.S.C. § 1915. The Court declines to grant Plaintiff an opportunity to amend.

Unless it is clear that an amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, Plaintiff cannot overcome the fact that he is challenging the fact of his previous confinement. As the deficiencies cannot be cured, allowing amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED WITH PREJUDICE.**

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

ORDER - 8

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

DATED October 30, 2024.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE